UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARWICK CHYA ABRAM,

    Plaintiff,

v.                                              CASE NO. 8:18-cv-1847-T-23TGW

BED BATH AND BEYOND INC.,

    Defendant.
_____/

## **ORDER**

       Between July 17, 2013, and July 26, 2013, Harwick Chya Abram applied for a job at several Bed Bath & Beyond stores, exchanged correspondence with the company's human resources staff about her qualifications, and attended a job fair at which she interviewed with a district manager. On August 5, 2013, a BB&B human resources manager notified Abram that her application would receive no further consideration. Because she claims she was discriminated against, Abram filed a charge of discrimination with the Equal Employment Opportunity Commission, which issued a "right to sue" letter on June 27, 2014.

       A day less than four years after notice of the right to sue letter and nearly five years after the failure of her application to BB&B, Abram sued BB&B in Florida state court. Appearing *pro se*, Abram alleged claims under 42 U.S.C. § 1981 and claims for negligence under Florida law. After timely removal, BB&B moves (Doc. 5) to dismiss the complaint. Abram moves (Doc. 3, 4) to remand and responds (Doc. 14)

to BB&B's motion to dismiss. Abram's unauthorized reply (Doc. 13) to BB&B's response is **STRICKEN**.

Conceding subject-matter jurisdiction, Abram argues for remand because BB&B "failed to answer or respond" to the action she filed in state court. (Doc. 3 at 2) But a defendant need not answer a complaint before removal. Rule 81(c), Federal Rules of Civil Procedure, expressly provides for an answer after removal.

BB&B argues for dismissal of Abram's complaint as time-barred. Under Section 95.11(3), Florida Statutes, the limitation for Abram's negligence claims is four years. Therefore, the limitation for a Section 1981 claim is four years. *Baker v. Gulf & Western Industries, Inc.*, 850 F.2d 1480, 1482 (11th Cir. 1988) (holding that a Section 1981 claim is personal injury claim, subject to the four-year limitation under Section 95.11(3), Florida Statutes).

Although a continuing act of discrimination tolls the four-year limitation, a discriminatory refusal to hire constitutes a discrete act that results in no tolling. *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271–72 (11th Cir. 2002) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). In August 2013, BB&B notified Abram that her application would receive no further consideration. As a result, the four-year limitation barred Abram's negligence claim in August 2017.

In response, Abram argues (Doc. 2 at 7, Doc. 14 at 2) that her injury occurred and her claim accrued when she received the right-to-sue letter on June 27, 2014. (Doc. 14 at 2) However, unlike a Title VII claim, a Section 1981 claim requires no

right-to-sue letter. *See Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 459 (1975) (distinguishing a Section 1981 action from a Title VII action).*

*La Grasta v. First Union Sec., Inc.*, permits dismissal "only if it is apparent from [the complaint's] face that the action is time-barred." 358 F.3d 840, 846 (11th Cir. 2004). In this instance, Abram's claim appears from the face of her complaint unmistakably **TIME-BARRED**.

Accordingly, Abram's motions (Doc. 3, 4) are **DENIED**. BB&B's motion (Doc. 5) is **GRANTED**. The action is **DISMISSED.**

ORDERED in Tampa, Florida, on August 30, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

* Even if the Commission's right-to-sue letter had restarted the limitation, 42 U.S.C. § 2000e-5(f)(1) required Abram to sue within ninety days of receiving the notice, as the right-to-sue letter plainly states.